JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Anthony Davis, appeals from the trial court's judgment convicting him of receiving stolen property in violation of R.C. 2913.51(A) and sentencing him to prison for eleven months. In his single assignment of error, Davis, who pleaded guilty to the charge, contends that the trial court (1) did not make the statutory findings required for imposing anything more than a six-month sentence, the shortest prison term for a fifth-degree felony, and (2) failed to adequately notify him of post-release control and its consequences. The assignment of error is well taken.
Absent a finding of one of the nine factors enumerated in R.C.2929.13(B)(1), a trial court has discretion to impose a prison term for a fifth-degree felony only if it specifically finds that (1) the offender is not amenable to an available community-control sanction, and (2) a prison term is consistent with the purposes and principles of sentencing. See State v.Brown, 146 Ohio App.3d 654, 2001-Ohio-4266, 767 N.E.2d 1192, at. ¶ 16. The imposition of a prison term is reviewable as provided in R.C. 2953.08(A)(2).
Here, the trial court did not check off any of the nine factors in R.C. 2929.13(B)(1)(a) through (i) on its sentencing worksheet, but it did indicate on the worksheet that Davis was not amenable to community control and that a prison term was consistent with the purposes and principles of sentencing. It also specifically articulated those findings on the record at the sentencing hearing. Therefore, the trial court's findings conformed to the requirements of R.C. 2929.13(B)(2)(a) for imposing a prison term for a fifth-degree felony.
Despite evidence of Davis's multiple misdemeanor convictions, it is undisputed that Davis had never before been sentenced to prison. R.C. 2929.14(B) provides that when an offender has not previously served a prison term, the trial court's sentence should be the shortest prison term unless it finds that the shortest sentence would demean the seriousness of the offender's conduct or would not adequately protect the public. R.C.2929.14B) (2). The trial court did not make either of these findings and thus failed to make the statutory findings necessary to impose a longer sentence than the minimum six-month prison term for a fifth-degree felony. Therefore, we hold that, clearly and convincingly, the record does not support the eleven-month prison term imposed on Davis by the trial court. State v.Edmonson (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131.
Davis also correctly argues that the trial court did not properly notify him at the sentencing hearing of post-release control pursuant to R.C. 2929.19(B)(3) and 2967.28(F). Although his signed plea form included a written statement of post-release-control supervision and the consequences for a violation, the trial court, neither before accepting his guilty plea or at the sentencing hearing, mentioned community control or inquired of Davis whether he was aware of and understood the explanation in the plea form. We have held that the trial court's silence with respect to the statements regarding community control in the signed plea form fails to adequately apprise an offender of post-release control as contemplated by R.C.2929.19(B)(3). State v. Brown, 1st Dist. Nos. C-020162, C-020163, and C-020164, 2002-Ohio-5983.
Accordingly, we vacate the trial court's sentence and remand this case for resentencing in accordance with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.